Filed 1/26/22  P. v. Villeda CA2/3
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B302413 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA111443-01 |
| ALLAN VILLEDA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Reversed and remanded.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

A jury convicted Allan Villeda of four counts of robbery committed against four victims in 2009 and 2010. The jury found Villeda personally used a firearm in the robberies and committed the crimes for his gang. The trial court sentenced Villeda to 38 years in the state prison. In 2012 a different panel of this court affirmed Villeda's conviction. (*People v. Villeda* (Sept. 27, 2012, B230494) [nonpub. opn.] (*Villeda I*).)

In February 2019 the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter recommending it recall Villeda's sentence and resentence him under Penal Code section 1170, subdivision (d)(1) (section 1170(d)(1)).[1] The Secretary noted the court now has the discretion to strike firearm enhancements. The trial court declined to follow the Secretary's recommendation. Villeda appealed and, on August 18, 2021, we issued an opinion affirming the trial court's order.

Villeda then petitioned for review. On November 17, 2021, the California Supreme Court granted review and transferred the matter to us with directions to vacate our decision and to reconsider the case in light of the amendments to the Penal Code accomplished by Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) (Stats. 2021, ch. 719, §§ 1-7).[2] Both Villeda and the Attorney General filed supplemental letter briefs. (See Cal. Rules of Court, rule 8.200(b).) The parties agree that—in

---

[1] References to statutes are to the Penal Code.

[2] The court noted, "This case does not raise the issue presented in *People v. Federico* [(2020) 50 Cal.App.5th 318], review granted August 26, 2020, S263082, because petitioner Allan Villeda's sentence was not recalled under Penal Code section 1170, subdivision (d)."

light of the new legislation—we should reverse the trial court's order denying recall and remand the case for further proceedings under new section 1170.03.  We do so.

## FACTS AND PROCEDURAL BACKGROUND

### 1.  *Villeda's crimes, convictions, and sentence*

Villeda robbed four victims over a span of about five months in late 2009 and early 2010.[3]  In summary, these victims were:

- *Ignacia Melendez.*  Melendez was going to pick up her son from school.  She went to her car parked in front of her home.  Villeda pulled up in a red Ford Explorer and called to her.  Melendez approached the SUV.  Villeda demanded Melendez give him two gold necklaces she was wearing.  Melendez saw Villeda had a gun in his lap, pointed at her.  She refused and walked toward her home.  Villeda got out and followed her, holding the gun.  He threatened to shoot her if she didn't stop.  Villeda pulled the chains from Melendez's neck and drove away.

- *Ever Pineda.*  Pineda was washing a truck, accompanied by his wife and two children.  As Pineda was bending down to clean the tires, Villeda approached and yanked a gold chain from his neck.  Pineda turned to find Villeda pointing a gun at him.  Villeda demanded money and Pineda gave him about $85.  Villeda removed

---

[3]  We take the facts from our opinion in *Villeda I*, of which we take judicial notice.  (Evid. Code, §§ 452, subd. (d), 459.)  Villeda also relies on, and quotes from, our opinion in his statement of facts on appeal.  The Attorney General asks us to take judicial notice of our "file from appellant's prior appeal" as well.

Pineda's wallet from his pocket and looked at his driver's license, saying, " 'Just in case you talk to the police.' "

- *Oscar Hernandez and Julio Nunez.* Hernandez and Nunez were rebuilding a wall. As they began to clean up, a red SUV pulled up and Villeda's fellow gang member Luis Alonso Escatel got out and approached Nunez. Villeda also got out of the SUV, approached Hernandez, grabbed his neck in a headlock, and told him, " 'Walk.' " Hernandez felt a hard object pushed against his back. Villeda or Escatel, or both of them, took cash and a cell phone from Hernandez's pockets, and Villeda tore a gold chain from his neck. Villeda also went through Nunez's pockets and took his cell phone. (*Villeda I.*)

Both Villeda and Escatel were members of the Alondra 13 gang. Both had gang tattoos. Villeda's monikers were "Evil," "Demon," and "Chuckie." Villeda was the senior member of the gang and was active in recruiting members. (*Villeda I.*)

The jury convicted Villeda of the second degree robberies of Melendez, Pineda, Hernandez, and Nunez. The jury found true allegations that Villeda personally used a firearm in the commission of each robbery and that he committed the crimes for the benefit of, at the direction of, or in association with a criminal street gang. As noted, the trial court sentenced Villeda to 38 years in the state prison. The court chose the upper term of five years on the Melendez robbery plus ten years for the gun use plus ten years for the gang enhancement. On each of the remaining three counts, the court imposed one-third the midterm of one year plus three years and four months for the gun. The court imposed but stayed concurrent terms

4

of ten years each for the gang enhancement on those counts. (*Villeda I.*)

**2.      *The Department of Corrections and Rehabilitation's letter of recommendation and the trial court's ruling***

On February 25, 2019, the Los Angeles Superior Court received a letter dated February 11, 2019 from the Office of the Secretary of the CDCR.[4]  The Secretary recommended "a recall of sentence and resentence" of Villeda under former section 1170(d)(1).  The Secretary stated, "[P]lease consider the amendment to [Penal Code] Section 12022.53, subdivision (h), which became effective January 1, 2018."  As the Secretary noted, that amendment gave courts discretion to strike or dismiss a personal use firearm enhancement at sentencing (or resentencing) in the interest of justice.[5]

The Secretary enclosed a Cumulative Case Summary and Evaluation Report, "present[ing] case factors that are applicable" to the recommendation.  The report noted Villeda has "an active Immigration and Customs Enforcement (ICE) detainer . . . for Illegal Entry."  Under "Institutional Adjustment" the Secretary stated, "Villeda is identified as an active member of the

---

[4]      At the time, the Secretary was Ralph M. Diaz. (<https://www.cdcr.ca.gov/insidecdcr/2020/08/28/governor-newsom-announces-cdcr-secretary-retirement-names-new-secretary/> [as of Jan. 25, 2022], archived at <https://perma.cc/9ZLX-DN5J>.)

[5]      Before 2018, the firearm enhancements contained in section 12022.53—the basis for 20 years of Villeda's 38-year sentence—were mandatory.  Effective January 1, 2018, the Legislature gave trial judges discretion to strike or dismiss the enhancements " 'in the interest of justice' " under section 1385. (*People v. Flores* (2021) 63 Cal.App.5th 368, 375-376.)

5

Varrio Alondra 13 Sureno disruptive Security Threat Group." He received a "serious Rules Violation Report" in 2012 "for Possession of a Weapon and was subsequently found guilty of the charges." Villeda had "no pending disciplinary actions" and had "not received any Custodial Counseling Chronos." He is housed in the general population at Ironwood State Prison. He works as a kitchen cook. His work performance was satisfactory for a three-month period in 2016. In 2012 and 2013 he participated in group hunger strikes at another prison. In 2018 he received a report noting satisfactory progress "while assigned to Adult Basic Education III."

Under "Self-Help Activities," the Secretary noted Villeda completed his GED in December 2018 and received certificates for completing two programs, the "Kairos Inside Weekend Program" and the "Circle Keeper in the Prison of Peace." He "has participated in Alcoholics Anonymous."[6]

On March 28, 2019, the trial court issued a minute order declining to recall Villeda's sentence. The order states, "Defendant is not present in court, and not represented by counsel." The court described the facts of Villeda's crimes and noted the role his firearm played in the robberies: "[Villeda]

---

[6] It is unclear whether Villeda received a copy of the Secretary's letter to the court. The letter shows copies to the Offices of the District Attorney and the Public Defender, but the Alternate Public Defender's Office represented Villeda at his trial and his January 2011 sentencing. (Cf. *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 781-782 [defendant has a due process right to notice and an opportunity to be heard before court denies a section 1170(d) recommendation by the Secretary]; new § 1170.03, subd. (b)(1) [if resentencing request is from the Secretary, "court shall provide notice to the defendant and set a status conference within 30 days"].)

threatened to use the gun on the victims if they didn't comply and, in the case of victim Ever Pineda, pointed the gun at the victim in front of his wife and two children. Defendant's actions were brazen and demonstrated extreme callousness." After describing Villeda's role as an "active senior member of his gang," the court continued:

> "Since defendant's use of a gun played a significant role in the robberies, compelling the victims to give up their property in fear of their lives, this court finds it proper and reasonable that the trial court imposed the gun enhancements in all of the robbery counts. . . . [F]urther . . . , despite the evidence of defendant's significant role in his gang, the trial court imposed only one gang enhancement and stayed the gang enhancements on the other three counts."

The court concluded, "Therefore, this court finds that it would not be in the interest of justice to resentence defendant Villeda as recommended by CDCR."

## DISCUSSION

On appeal, Villeda contends (1) the trial court violated his due process rights by neither appointing counsel for him nor holding a hearing, and (2) the court abused its discretion in declining to recall his sentence. Former section 1170(d)(1) authorized a trial court, at any time upon the recommendation of the Secretary, to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." Assembly Bill 1540, which took effect January 1, 2022, moved the recall-and-resentencing provision of section 1170(d)(1) to

a new section, 1170.03, and added a number of requirements to the process. (Stats. 2021, ch. 719, § 3.1.) Among them are notice and appointment of counsel. (§ 1170.03, subd. (b)(1).) The new provision also requires a court to hold a hearing before denying resentencing. (§ 1170.03, subd. (a)(8).)[7]

The new statute also provides, "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18." (§ 1170.03, subd. (b)(2).) Section 1170.18, subdivision (c) defines " 'unreasonable risk of danger to public safety' " as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [s]ection 667," a so-called super strike. (§ 1170.18, subd. (c).)[8]

The parties agree we should reverse the trial court's order and remand the case. In its findings and declarations, the Legislature explicitly stated its intent that these resentencing proceedings "apply ameliorative laws passed by this body that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Assem. Bill No. 1540 (2021-2022 Reg. Sess.) § 1(i).) As the Attorney General notes,

---

[7] The new provision also requires the court to state its reasons on the record for granting or denying relief. (§ 1170.03, subd. (a)(6).) As we noted, here the court did state reasons for declining to follow the Secretary's recommendation.

[8] Those felonies include sexually violent offenses, certain sex crimes against children, certain homicide offenses, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, and any serious or violent offense punishable in California by life imprisonment or death. (§ 667, subd. (e)(2)(C)(iv).)

as "[t]he new version of the statute substantially alters the framework for recall and resentencing," "judicial efficiency" will be served if the trial court considers Villeda's recall request under the terms of the new statute.

## DISPOSITION

We reverse the superior court's order declining to recall Allan Villeda's sentence and to resentence him. We remand the matter for the court to appoint counsel for Villeda and to conduct proceedings in accordance with newly-enacted section 1170.03, exercising its discretion in light of the presumption the Legislature has added to the governing statute.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.